UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLUMBUS CHRIS WILLIAMS**                        **CIVIL ACTION**

**VERSUS**                                          **NO. 22-4516**

**E.H.C.C. WARDEN JOHN DOE**                        **SECTION: "E"(5)**

## REPORT AND RECOMMENDATION

Petitioner, Columbus Chris Williams, filed the above-captioned petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation.[1] For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief, properly construed as a second or successive petition for habeas corpus relief under 28 U.S.C. § 2254, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### Factual and Procedural History

Williams is a convicted inmate currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He filed this federal habeas application using a form reserved for petitions for a writ of habeas corpus under 28 U.S.C. § 2241. However, he states that he is challenging his current confinement based on his 2007 state-court criminal conviction and sentence rendered in Terrebonne Parish.[2] A review of this Court's records shows that he was found guilty by a jury, on April 19, 2007, of three counts of terrorizing and

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1, Petition, p. 1.

five counts of retaliation against a public official. He was sentenced to serve consecutive sentences of 15 years on each of the three terrorizing counts and five years on each of the five retaliation counts.

In this federal application, he asserts that he was "never being legally or constitutionally ever arrested, never given Miranda warnings, illegal seizure of post legal mail for evidence" and "[a]ll or most of the Terrebonne Parish Sheriff's legal document were falsely put together by a Lt./Detective Deputy Sheriff Michael Brunet Jr. and La.'s A.G.'s office did not do its constitutional duties and allowed the victims to put this criminal case together and decide the evidence to be used at trial."[3] As relief, he requests that the Court overturn his conviction and release him.[4] He recently supplemented the petition to specify the Warden "John Doe's" name, Donnie Bordelon. He also alleges that he is being refused parole or probation because he has not expressed remorse for the crimes he committed. He reiterates that he was never legally, formally or constitutionally arrested for the crimes of conviction, and thus "will not and cannot… sign for any remorse."[5]

## Law and Analysis

Whereas a state pre-trial detainee may seek habeas relief under Section 2241 for pre-trial issues, a convicted state prisoner must use Section 2254 to challenge the fact or duration

---

[3] Rec. Doc. 1, pp. 6-7.

[4] *Id.* at 8.

[5] Rec. Doc. 5, Supplemental Memorandum in Support, pp. 2-3. These supplemental allegations do not alter the nature of the petition, which expressly challenges the constitutional validity of his state-court criminal conviction and sentence. Rec. Doc. 1, p. 1.

of confinement when a judgment of conviction has already been entered. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Williams has a long history with the federal court system. He has filed numerous cases in this federal court, including at least 34 prior civil rights actions under 42 U.S.C. § 1983, and at least nine habeas corpus petitions under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. *See, e.g.*, *Williams v. Guerin*, Civ. Action No. 22-1331, 2022 WL 2712872, at *3 (E.D. La. June 17, 2022), *adopted*, 2022 WL 2704636 (E.D. La. July 12, 2022) (allowing him to dismiss a 42 U.S.C. § 1983 complaint raising similar claims but refusing to convert the matter to a habeas petition since Williams "is no novice to the requirements for filing a case in federal court"). This is obviously yet another attempt on his part to evade the restrictions associated with filing multiple 28 U.S.C. § 2254 habeas corpus petitions challenging the same conviction after he was denied relief on the merits. Because Williams challenges his state custody pursuant to a state-court judgment of conviction and sentence, his federal application should be construed as a petition for habeas corpus relief under Section 2254. Furthermore, upon preliminary review and examination, it is plain from the petition and attached exhibits that the petitioner is not entitled to relief in the district court. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

As set out below, this is Williams' third petition for habeas corpus relief, and because it is a successive petition, the Court lacks jurisdiction over it. In 2010, Williams filed his first petition for writ of habeas corpus related to this conviction and sentence. *Columbus Christopher Williams, Jr. v. Howard Prince*, Civil Action No. 10-1826, 2011 WL 837159 (E.D.

La. Feb. 14, 2011), *adopted*, 2011 WL 831281 (E.D. La. Mar. 4, 2011). In that petition, he asserted that he was denied his Sixth Amendment right to representation by counsel, because he never agreed to waive his right to counsel and there was never a hearing to determine his competence to represent himself at trial. That petition was dismissed with prejudice on the merits by Judgment entered March 4, 2011. He was subsequently allowed to file objections to the Report and Recommendation. By order and judgment entered July 27, 2012, his objections were overruled and judgment was entered against him. The United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability on September 17, 2013. *Williams v. Prince*, No. 12-30822 (5th Cir. 2013).

In 2012, Williams filed a second petition for writ of habeas corpus challenging the same conviction and sentence. *Columbus Christopher Williams, Jr. v. Warden Howard Prince*, Civ. Action No. 12-552 "B" (2). In that petition, he asserted four grounds for relief:

> 1) He was never formally arrested, given *Miranda* warnings, or properly charged with the crimes for which he was convicted, thus rendering his conviction and imprisonment illegal and unconstitutional;
>
> 2) His rights upon arrest under the Louisiana Code of Criminal Procedure were violated;
>
> 3) He was denied access to the courts;
>
> 4) Malfeasance on the part of court officials and prosecutors denied him a fair trial.

This Court construed the second or successive petition as described by 28 U.S.C. § 2244, in part, as a motion for authorization for the District Court to consider the second or successive claims raised and transferred the petition to the United States Fifth Circuit Court of Appeals.

4

The motion for authorization to raise the second or successive claims was denied. *In Re: Columbus Chris Williams*, No. 12-30337 (5th Cir. 2012).

This third habeas petition presently before the Court challenges the same 2007 conviction and advances similar claims to those raised in his last habeas petition. Properly construed as a federal habeas corpus petition for relief under 28 U.S.C. § 2254, the federal application constitutes a second or successive petition as described by 28 U.S.C. § 2244. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition, [but] a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). This includes applications "filed after a previous application was fully adjudicated on the merits ... even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). When, as here, the claims previously raised by petitioner were adjudicated on the merits, a subsequent petition is considered a prohibited "second or successive" petition.

To overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). As Williams has been warned previously, before the petition can be considered on the merits by this District Court, he must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.[6]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Williams' application for federal habeas corpus relief be construed as a habeas corpus petition for relief pursuant to 28 U.S.C. § 2254 and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and failure to establish authorization to proceed with a second or successive petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[6] Given the repetitive nature of his filings and the fact that the U.S. Fifth Circuit has already denied him authorization to proceed with similar claims for relief, the undersigned recommends dismissal even though transfer is allowed under *In re Epps*, 127 F.3d 364 (5th Cir. 1997). This in no way prevents Williams from seeking authorization directly with the U.S. Fifth Circuit. *See, e.g.*, *Pete v. Day*, 22-240, 2022 WL 6281555, at *5 (E.D. La. Sep. 8, 2022), *adopted*, 2022 WL 6114605 (E.D. La. Oct. 7, 2022).

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this  5th  day of  December , 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.